UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| JERMAINE PILLOW, # 80909, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 4:14-CV-76 |
| v. ) | Mattice/Carter |
| ) | |
| PAM SMITH and PAM SMITH ) | |
| PAINTING, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Jermaine Pillow, a *pro se* state prisoner, brings this civil rights complaint under 42 U.S.C. § 1983. However, for the reasons stated below, process shall not issue and this action will be **DISMISSED**.

Under the Prison Litigation Reform Act (PLRA), district courts must screen prisoner complaints and sua sponte dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g., Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id.* at 1015-16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

In his complaint, Plaintiff makes the allegations which follow. On April 14, 2014, Defendant Pam Smith hired Plaintiff to paint, but was notified that seven dollars ($7.00) a day to pay for gas used to travel to the job sites would be deducted from his payroll check and that overtime would be paid to him in cash, under the table. On that date, Plaintiff, who was only the second member of a minority to be hired by Pam Smith Painting in its twenty years of business, endured several racial jokes and comments. On May 8, 2014, Defendant did not compensate Plaintiff time and a half for overtime; therefore his federal and state taxes were not paid.

Also, Plaintiff was forced to do hard labor; was subjected to gender discrimination by being required to be supervised by women who had the same job title as Plaintiff; was not furnished with insurance, in violation of state and federal law requirements; was accused of using marijuana on the job, though no drug test was performed; and was fired, without being given a reason for his termination. For the alleged emotional and mental stress caused by the violation of his worker's rights, Plaintiff seeks an award of damages, the termination of Defendant Pam Smith Painting's business license, and an audit of Defendants' tax returns by the IRS.

To state a claim under 42 U.S.C. § 1983, a plaintiff must show: (1) that he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States of America and (2) that the deprivation was caused by a person acting under the color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978); *Smith v. Williams–Ash*, 520 F.3d 596, 599 (6th Cir. 2008) (same) (citing *Flagg Bros.*, 436 U.S. at 155); *Romanski v. Detroit Entertainment, L.L.C.*, 428 F.3d 629, 636 (6th Cir. 2005) (observing that "[s]ection 1983 makes liable only those who, while acting under color of

2

state law, deprive another of a right secured by the Constitution or federal law") (citing *Flagg Bros.*, 436 U.S. at 155).

Plaintiff has failed to show the second element, that is, state action, with respect to Defendants. Defendant Pam Smith (by implication) is an owner of a private commercial enterprise and, while acting in that capacity, is not a state actor for purposes of § 1983. Defendant Pam Smith Painting is a non-governmental business concern and likewise is a private actor.

While private actors may be liable under § 1983, if they conspire with a state actor to violate civil rights*, see Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1981), the complaint contains no allegations of this nature. Thus, the Court sees nothing in the complaint to suggest that the actions or inactions of these Defendants can fairly be attributed to the State. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (noting that "[l]ike the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful'") (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). Lacking any allegations of state action, Plaintiff has failed to state a plausible claim against Defendants, *see Twombly*, 550 U.S. at 562 (noting that "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory"), and his claims lack an arguable legal basis.

Although this Court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that Plaintiff has not alleged the deprivation of a constitutionally protected right, privilege or immunity by a

state actor. Therefore, this action will be **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim for relief under § 1983.

In addition to the above, this Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a)(3) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.

A separate judgment will enter.


**ENTER**:

      */s/ Harry S. Mattice, Jr.*
      HARRY S. MATTICE, JR.
      UNITED STATES DISTRICT JUDGE